UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO.: 04-10364-NMG |
| v.   ) | |
| ) | |
| SHAWN WINBUSH   ) | |

### JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(C)

The United States of America and defendants, by and through their respective counsel, hereby submit this joint memorandum addressing the issues set forth in Local Rule 116.5(C)(1) through Local Rule 116.5(C)(9) in anticipation of the status conference currently scheduled for April 6, 2005.

**Local Rule 116.5(C)(1)**

There are no outstanding discovery issues that have not been presented to or resolved by the Court.

**Local Rule 116.5(C)(2)**

At this time, no party anticipates that additional discovery will be provided. No party anticipates that it will present expert testimony. However, should the parties be unable to stipulate as to the chemical analysis of the substances seized in this case, the government will provide such information as to its chemist as is required under Fed. R. Crim. P. 16(a)(1)(E) no later than one week before trial.

**Local Rule 116.5(C)(3)**

Neither defendant intends to raise a defense of insanity or public authority.

**Local Rule 116.5(C)(4)**

The government has not requested that the defendant provide notice of alibi.

**Local Rule 116.5(C)(5)**

The defendant has not filed any motions to sever or dismiss, but the defendant has a motion to suppress pending. The government had requested an extension of time until two weeks after the receipt of defendant's affidavit to respond. [Docket Entry 27]. The government received the affidavit on April 4, 2005, which, if the government's request were granted, would make the government's response due April 18, 2005. However, the government anticipates that its response will be filed by the end of the current week. At this time, the defendant does not anticipate filing any other motion that will require a ruling from the District Court before trial.

**Local Rule 116.5(C)(6)**

The parties request the setting of a hearing on the suppression issue.

**Local Rule 116.5(C)(7)**

The parties have discussed generally the possibility of an early resolution of the case without trial. However, no resolution is possible until the suppression issue has been decided.

**Local Rule 116.5(C)(8)**

The parties agree with the prior order of excludable delay


entered by the Court on February 18, 2005. The parties note that the motion to suppress has stopped the Speedy Trial clock at present, and time on that clock will not accrue until the suppression issue is decided.

**Local Rule 116.5(C)(9)**

In the event that this case proceeds to trial, the parties estimate that the trial would not last longer than four days.

**Other Matters**

None.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Nancy Rue
Nancy Rue
Assistant U.S. Attorney

/s/ L. Novak by T. Brim pursuant to authority provided
LAWRENCE P. NOVAK
Counsel to Shawn Winbush

Dated: April 5, 2005